32106/HLL/Supplemental Brief

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| LUMBERMEN'S MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff/Counter-defendant, | ) ) | |
| v. | ) ) | No: C-1-02-091 |
| THE VICTOR CORPORATION, | ) ) | |
| Defendant/Counter-plaintiff. | ) ) ) | |

**SUPPLEMENT TO EMERGENCY MOTION OF LUMBERMEN'S MUTUAL CASUALTY COMPANY FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(b) AND TO STAY THE SEPTEMBER 29, 2003 TRIAL OF THIS MATTER**

Plaintiff/Counter-Defendant, LUMBERMEN'S MUTUAL CASUALTY COMPANY ("LUMBERMEN'S") by and through its attorneys, Howard L. Lieber and Thomas J. Gruber, for its Supplement to its Emergency Motion for Entry of Judgment Pursuant to Rule 54(b) as to the Court's Order of August 22, 2003 and for Entry of an Order Staying the September 29, 2003 trial of this matter, states as follows:

1.	On August 27, 2003 LUMBERMEN'S submitted to the Court an Emergency Motion for Entry of Judgment Pursuant to Rule 54(b) and to Stay the September 29, 2003 trial of this matter.  That emergency motion was submitted within a very brief period of time following counsel for LUMBERMEN'S learning of the Court's ruling granting summary judgment to VICTOR CORPORATION with respect to insurance coverage in this matter and denying LUMBERMEN'S Motion for Summary Judgment with respect to that issue.  LUMBERMEN'S does not now seek to repeat the points previously raised in its emergency motion with respect to

Rule 54(b), however it does seek to supplement the authorities cited in that motion, particularly to add cases involving insurance coverage issues in which Rule 54(b) Motions have been granted allowing an appeal of a summary judgment ruling finding insurance coverage for a party to litigation, but not resolving all issues presented by the dispute between the insurer and insured.

    2.    LUMBERMEN'S will not repeat herein the elements previously set forth at length in its emergency motion and VICTOR CORPORATION'S Memorandum in Opposition thereto concerning the factors to be considered in granting Rule 54(b) certification. Both parties appear to be in agreement with respect to the elements set forth by the Sixth Circuit Court of Appeals in <u>Corrosioneering v. Thyssen Environmental Systems</u>, 807 F. 2d 1279, 1282 (6th Circuit 1986). LUMBERMEN'S has addressed the issue of the relationship between the adjudicated (grant of summary judgment as to insurance coverage for this claim) and unadjudicated (bad faith and punitive damages) claims as well as the fact that Appellate review of the coverage determination will not be mooted by this matter proceeding to trial on the bad faith and punitive damage claims. However, LUMBERMEN'S has pointed out that a trial of bad faith and punitive damages claims will be mooted if this Court's determination of insurance coverage were reversed by the Appellate Court. Furthermore, LUMBERMEN'S has addressed the issue that there is no possibility that the Appellate Court will have to consider this coverage issue twice given the fact that insurance policy interpretation is a question of law and would not be remanded by the Appellate Court for consideration at any subsequent proceeding in this matter. Thus any decision by the Appellate Court with respect to insurance coverage would not give rise to a second, subsequent appeal of that issue. With respect to the factor of cost and delay, it is clear that the costs of proceeding to trial and then further appeal substantially out weigh the costs of proceeding to an appeal now, which may eliminate the need for trial and thus save the parties and the Court system substantial time and funding.

3.  During the August 29, 2003 Pre-Trial Conference the issues concerning Rule 54(b) were discussed and VICTOR CORPORATION attempted to raise an issue concerning the interplay of Rule 54(b) with insurance coverage claims. LUMBERMEN'S indicated at the Pre-Trial Conference that it was aware of case law, that it did not have an opportunity to previously cite, which specifically addresses Rule 54(b) in the context of insurance coverage cases. Specifically, LUMBERMEN'S refers the Court to the following cases relating to insurance coverage questions and the granting of Rule 54(b) certification for an appeal: <u>Taco Bell Corporation v. Continental Casualty Company, et al</u>., 203 WL21372473 (N.D. June, 2003 IL), <u>Prime T.V., LLC v. Travelers Insurance Company</u>, 203 WL1873936 (M.D. N.C. April 9, 2003), <u>Continental Insurance Company v. Del Astra Industries, Inc</u>., 811 F. Supp. 1410, (N.D. Ca. 1993), and <u>Revco D. S. Inc., v. Government Employees Insurance Company</u>, 791 F. Supp. 1254 (N.D. Ohio 1991). Copies of the first three of these cases are attached hereto. LUMBERMEN'S will address each of these cases below.

4.  In <u>Taco Bell Corporation v. Continental Casualty Company, et al</u>., *supra*, the District Court discussed the fact that it had previously granted partial summary judgment "thereby resolving the duty-to-defend claims" presented in that litigation. The Court noted that there were two issues presented in that case: whether Continental and another party, Zurich American Insurance Company, owed a duty to defend Taco Bell in an underlying litigation, and whether Continental, Zurich or any other of Taco Bell's excess insurance carriers owed a duty to indemnify Taco Bell for potential losses in connection with the same underlying litigation. The District Court noted that its earlier Order "fully resolved the duty-to-defend claims; the duty-to-indemnify claims were not reached, as they were not yet ripe." Thus summary judgment had been granted by the Court finding a duty to defend on behalf of Continental however there had not, as yet, been a finding that Continental owed a duty to indemnify Taco Bell, with the clear

result that no specific monetary damages had yet been determined or awarded as to Continental Casualty Company.  The District Court noted that "[t]here is no question that the duty-to-defend claims are legally and factually separate and distinct from the duty-to-indemnify claims …".  See Taco Bell Corporation, *supra* at page 1.  The District Court in Taco Bell noted that certifying the finding of a duty-to-defend presented no risk of "sequential appellate resolution" and the Court further stated that it could perceive no reason for delaying appeal given the disputes that had arisen between the parties regarding the finality and enforceability of the Court's coverage finding on the duty to defend.  The Court further noted that "given the independence of defense and indemnity claims, there is no risk that the former will become moot by any further developments in this case or by the result in the underlying … litigation".  Taco Bell at pages 1 through 2.

    5.    The Taco Bell ruling is significant because it establishes that a finding of compensatory/monetary damages is not a prerequisite to an Order being considered final and appealable pursuant to Rule 54(b) in the context of insurance litigation such as the present case.  Furthermore, it is clear that the decision of the District Court in Taco Bell, granting summary judgment and finding a duty to defend, is similar to the finding of insurance coverage in the present case.  While it is axiomatic that the duty to defend is broader than the duty to indemnify, it is clear that if an insurance company is allowed to appeal a finding of coverage sufficient to support a duty to defend while the issue of the duty to indemnify remains pending, it is equally appropriate to allow an appeal of a finding of coverage in the present case while bad faith and punitive damage claims, whose resolution depends on different facts and law than the determination of the coverage questions, remain pending.  (Ohio Courts have held that to establish "bad faith" an insured must show that the insurer refused "to pay a claim in an arbitrary and capricious manner".  Nationwide Insurance Enterprise v. Progressive Specialty Insurance

Co., 202 WL 1338791 (10th Dist. Ohio App. 2002). Ohio Courts have also held that to support an award of punitive damages against an insurer which breaches its duty of good faith in failing to pay a claim, the insured must offer proof of "actual malice, fraud or insult on the part of the insurers." Zappo v. Holmstead Insurance Co., 71 Ohio St. 3d 552, 644 N.E. 2d 397 (Ohio 1994)).

      6.      In Prime T.V. v. Traveler's Insurance Company, *supra* a District Court in North Carolina reached the same conclusion regarding certification pursuant to Rule 54(b) as the Court in the Northern District of Illinois in Taco Bell. In Prime T.V., the District Court had granted the insured's motion for judgment on the pleadings finding that the defendant insurers owed a duty to defend the plaintiff in connection with underlying lawsuits pending in State Court, however the District Court had not addressed whether the defendant insurance carriers owed a duty to indemnify the plaintiff in those same underlying actions. The District Court in Prime T.V. stated that it was of the opinion that its ruling requiring the insurance carriers to defend the plaintiff in the underlying actions involved a "controlling question of law for which there may be substantial ground for differences of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation". The Court further noted that its decision adjudicating fewer than all of the claims of the plaintiff and determining fewer than all of the liabilities of the defendants was a final judgment as to the finding of a duty to defend pursuant to Rule 54(b). Once again, in Prime T.V., there was no finding of a compensatory damage award or a monetary damage award as a prerequisite to a Rule 54(b) certification. On the contrary, the Court focused upon the resolution of a controlling question of law for which there may be substantial grounds for differences of opinion, such as in the present case where this Court has made a ruling on a controlling question of law, for which LUMBERMEN'S respectfully suggests that there may be differing opinions as to this Court's interpretation of the policy language.

7.   In Continental Insurance Company v. Del Astra Industries, a District Court had granted partial summary judgment to an insured, ruling that an insurer owed a duty to defend. However, the Court had not addressed the issue of whether the insurance company owed a duty of indemnification, and the Court had also not ruled on the insured's **counterclaim for breach of the covenant of good faith and fair dealing.**  (emphasis added).  Thus the fact situation in Continental Insurance Company was virtually identical to the present case where an insured has an unresolved counterclaim relating to a breach of a covenant of good faith and fair dealing at the same time that a Court has made a determination that the insurance carrier owed a duty of coverage with respect to defense, as opposed to indemnity.  In that setting, the Court ruled that the question of whether an insurer had a duty to defend was separate from the question of whether the insurer owed a duty to indemnify or had acted in bad faith.  The District Court in Continental Insurance specifically held that the insurance carrier's duty to defend "… is separable from the claims remaining in the lawsuit" which included the insured's counterclaim for breach of covenant of good faith and fair dealing.  See Continental Insurance Company at page 1410 through 1411.

8.   The Court in Continental Insurance Company, *supra* noted that in order to prevent piecemeal appeals it was only allowed to direct an entry of judgment pursuant to Rule 54(b) when the claims covered by the entry of judgment "are separable and distinct from the claims remaining in the lawsuit".  As previously noted the Court made the requisite finding that its granting of partial summary judgment for the insured, finding insurance coverage sufficient to support a duty to defend, was separate and distinct from the insured's counterclaim for breach of covenant of good faith and fair dealing. Additionally, the District Court in Continental Insurance Company, noted that there was no just reason to delay an appeal and that, to the contrary, "… judicial economy is served by immediate appeal of the Court's grant of partial summary

judgment.  An Appellate Court ruling that Continental has no duty to defend would significantly reduce the scope of issues for trial and would conserve judicial and party resources".  <u>Continental Insurance Company</u>, 1410 through 1411.  Once again, there was no finding by the Court in <u>Continental Insurance Company</u>, *supra* regarding a specific award of compensatory or monetary damages and there remained pending the insured's counterclaim for breach of good faith which is an identical claim to Victor Corporation's present Counterclaim for bad faith claims handling with respect to this matter.

        9.      Finally, in <u>Revco D.S. Incorporated</u>, *supra*, an Ohio Federal Court was presented with the question of Rule 54(b) certification in connection with an insurance coverage dispute.  The Court in <u>Revco</u> ruled that there was no just reason for delay of the entry of a final judgment in favor of two of the insurers pursuant to the requirements of Rule 54(b).  The Court in <u>Revco</u> cited <u>Corrosioneering</u>, *supra* regarding the elements of analysis pursuant to Rule 54(b) and made a determination that those elements had been met under the facts of <u>Revco</u>.  The District Court in <u>Revco</u> noted that the insured's claims against the two carriers seeking Rule 54(b) certification involved a dispute over insurance coverage, while the insurance claims against another carrier in that litigation involved claims of bad faith.  With that factor in mind the Court noted that there was "little relationship" between those two sets of claims.  The District Court further noted that the resolution of the claims against the two carriers involved in the coverage dispute seeking Rule 54(b) certification required the Court to construe and interpret the language of the insurance agreements and determine whether the defendants had a duty to provide coverage, while the allegations relating to bad faith "… are wholly separate and distinct from the claims …" being made by the insured against the two carriers seeking Rule 54(b) certification.  See <u>Revco</u> at 1278 through 1279.

10. The District Court in <u>Revco</u> also noted that there was no chance that a reviewing Court would have to consider an issue twice since the bad faith claims "do not involve the same issues as the claims …" against the two carriers seeking Rule 54(b) certification relating to the finding of coverage. Finally, the District Court in <u>Revco</u> took notice of the fact that a significant amount of money was involved in that litigation and that "[t]he sooner the matter of insurance coverage can be finally resolved the better". <u>Revco</u> at 1279.

11. In light of the foregoing authorities, it is clear that LUMBERMEN'S is entitled to Rule 54(b) certification under the requirements set forth in <u>Corrosioneering, Inc.</u>, *supra* as well as pursuant to the statutory provisions of Rule 54(b). Victor Corporation's assertion that there is somehow a requirement of an award of monetary damages before a judgment can be deemed to be "final" for purposes of Rules 54(b)is clearly incorrect, given the insurance coverage context of the authorities cited above, which involved simply a finding of insurance coverage as a duty to defend, but no award of monetary or compensatory damages and Rule 54(b) certification. The foregoing cases cited by LUMBERMEN'S are directly related to the issues presented by this case to the extent that they involve first party litigation between one or more insurers and an insured, along with a coverage determination having been made, at least to the extent of a duty to defend, while other issues, including a counterclaim for bad faith, remain pending. In such context, Rule 54(b) certification has repeatedly been granted with the requisite findings of no just reason for delay and that a claim, where multiple claims are present, has been resolved.

12. LUMBERMEN'S adopts and incorporates herein the analysis and cases set forth in its prior Emergency Motion filed on August 27, 2003 with respect to the request for Rule 54(b) certification as well as its request that the trial of this matter be stayed pending the appeal of this Court's coverage determination.

13. In light of the foregoing, LUMBERMEN'S reiterates its previously set forth request, in its Emergency Motion, for Rule 54(b) certification and hereby requests that this Court certified its August 22, 2003 ruling granting summary judgment to Victor Corporation in connection with the coverage issues presented by this case, as a final and appealable decision and that this Court further stay the trial of this matter from September 29, 2003 pending a resolution of the Appellate issues raised by the Court's grant of summary judgment.

WHEREFORE, Plaintiff/Counter-Defendant, LUMBERMEN'S MUTUAL CASUALTY COMPANY, requests that this Court make an express determination that there is no just reason for delay of enforcement and appeal pursuant to Rule 54(b) of the Order entered on August 22, 2003, that there be an express direction for the entry of judgment pursuant to Rule 54(b) and that the trial of this matter be stayed pending appeal of the August 22, 2003 decision.

Respectfully submitted,

Thomas Gruber    (0018697)
McCaslin, Imbus & McCaslin
632 Vine Street, Suite 900
Cincinnati, Ohio 45202-2442
Telephone:    513-421-4646
Fax:           513-421-7929
E-mail:  TGruber@zoomtown.com

Of COUNSEL:
Howard L. Lieber
HORVATH & LIEBER, P.C.
10 South LaSalle Street/Suite 1400
Chicago, IL 60603
Telephone: 312/419-6600

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 3rd day of September, 2003, a copy of the foregoing document was mailed/delivered to all parties or their counsel of record as follows:

August T. Janszen
Strauss & Troy, LPA
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH   45202-4018
ATTORNEY FOR THE VICTOR CORPORATION

                McCaslin, Imbus & McCaslin

                By: _____