Slip Copy
(Cite as: 2003 WL 21372473 (N.D.Ill.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.

TACO BELL CORPORATION, Plaintiff,
v.
CONTINENTAL CASUALTY COMPANY and
Zurich American Insurance Company, Defendants.
CONTINENTAL CASUALTY COMPANY,
Counter-Claimant,
v.
TACO BELL CORPORATION,
Counter-Defendant.
CONTINENTAL CASUALTY COMPANY,
Cross-Claimant,
v.
ZURICH AMERICAN INSURANCE COMPANY,
Cross-Defendant.
CONTINENTAL CASUALTY COMPANY,
Third-Party Plaintiff,
v.
ZURICH INSURANCE COMPANY, Third-Party
Defendant.

No. 01 C 0438.

June 11, 2003.

*MEMORANDUM OPINION AND ORDER*

LEINENWEBER, J.

*1 In a March 12, 2003 Memorandum Opinion and Order ("March 12 Order"), the Court granted the partial summary judgment motions of Taco Bell Corporation ("Taco Bell") and Continental Casualty Company ("Continental"), thereby resolving the duty-to-defend claims presented in this litigation. Taco Bell's duty-to-defend claims are embodied in Count 2 of its Amended Complaint; Continental's duty-to-defend claims are embodied in Count 2 of its Amended Cross-Claim against Zurich American Insurance Company ("Zurich"). Taco Bell and Continental now move the Court for a certification, pursuant to Federal Rule of Civil Procedure 54(b) (" Rule 54(b)"), that the Court's judgment on the duty-to-defend claims is final and appealable. In addition, Taco Bell moves the Court for supplemental relief pursuant to 28 U.S.C. § 2202, in response to which Zurich has filed a motion to strike.

The Court presumes familiarity with the factual background and procedural posture of this case, and will therefore move directly to analyze the legal issues presented by the pending motions.

*RULE 54(b)*

Rule 54(b) provides that, "when more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." Fed.R.Civ.P. 54(b). Before doing so, however, the Court must first "assure itself respecting the separateness of the claims or parties to prevent piecemeal appeals in cases where the finality rule would normally apply." *Avondale Indus., Inc. v. Travelers Indem. Co.*, 887 F.2d 1200, 1203 (2nd Cir.1989). The Court then must expressly determine that there is "no just reason for delay," Fed.R.Civ.P. 54(b), and must explain its reasoning in reaching that conclusion, *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir.1990).

There are essentially two issues in this case: whether Continental and Zurich have a duty to defend Taco Bell in the underlying *Wrench* litigation, and whether Continental, Zurich or any of Taco Bell's excess insurance carriers have a duty to indemnify Taco Bell for any potential losses suffered in connection with the *Wrench* litigation. The March 12 Order fully resolved the duty-to-defend claims; the duty-to-indemnify claims were not reached, as they were not yet ripe.

There is no question that the duty-to-defend claims are legally and factually separate and distinct from the duty-to-indemnify claims, *see Guillen v. Potomac Ins. Co.*, 751 N.E.2d 104, 110 (Ill.App.2001); *cf. Avondale Indus., Inc.*, 887 F.2d at 1203; certifying the former as final and appealable will therefore present no risk that they will undergo "sequential appellate resolution," *Horn*, 898 F.2d at 592. Moreover, the Court perceives no just reason for delay. Given the apparent wrangling and stonewalling between the parties over the finality and enforceability of the Court's March 12 Order, Taco Bell and Continental should be entitled to the benefit--including the enforceability, *see*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2003 WL 21372473 (N.D.Ill.))

Page 2

Fed.R.Civ.P . 69, and the res judicata certainty, see *Shamley v. ITT Corp.*, 869 F.2d 167, 170 (2d Cir.1989)--of a final judgment on the duty-to-defend claims. In addition, given the independence of the defense and indemnity claims, there is no risk that the former will become moot by any further developments in this case or by the result in the underlying *Wrench* litigation. *Cf. Horn*, 898 F.2d at 592.

*2 Accordingly, pursuant to Rule 54(b), the Court hereby expressly determines that there is no just reason for delay and, for the reasons set forth in the March 12 Order, expressly directs the entry of a final judgment on the duty-to-defend claims in this case.

*SUPPLEMENTAL RELIEF*

Taco Bell separately moves the Court for supplemental relief pursuant to 28 U.S.C. § 2202, requesting an order granting Taco Bell a money judgment against: (i) Continental and Zurich, collectively, for a sum that allegedly represents Taco Bell's commercially reasonable, out-of-pocket defense costs paid prior to March 12, 2003 in connection with the *Wrench* litigation and for which it has not yet been reimbursed by either carrier; and (ii) Zurich, for a sum representing attorneys' fees Taco Bell incurred in bringing its November 22, 2002 Motion for Partial Summary Judgment.

As to the first item, Zurich objects that Taco Bell previously represented (in its partial summary judgment brief) that it would work to reach an agreement with Zurich regarding payment of those costs before seeking a court order. But in light of the March 12 Order and, in particular, the Court's ruling on what constitutes "commercially reasonable" defense costs in this case, Taco Bell understandably forewent such efforts. Zurich further claims, and Taco Bell does not dispute, that it "has never seen" documents substantiating Taco Bell's commercially reasonable, out-of-pocket defense costs after approximately July 2002. (Def.'s Mot. to Strike at 2; Pl.'s Opp. to Def's Mot. to Strike at 3.) This argument has greater traction. Before being ordered to pay a precise amount, Zurich is certainly entitled to review (and, if appropriate, to object to) documents substantiating the commercially reasonable defense costs incurred by Taco Bell in connection with the *Wrench* litigation. *Cf. Knoll Pharm. Co. v. Auto. Ins. Co.*, 210 F.Supp.2d 1017, 1025 (N.D.Ill.2002) (finding fees commercially reasonable based, in part, on "complete and thorough documentation" furnished by insured). While the March 12 Order may have set very narrow parameters around any possible inquiry into "commercial reasonableness," it plainly did not relieve Taco Bell of its minimal obligation to furnish documentation proving up its accumulated defense costs before demanding that its insurance carriers reach for their checkbooks. Accordingly, Taco Bell's motion that Zurich and Continental be ordered to pay a sum certain for defense costs that Taco Bell incurred through March 12, 2003 is denied without prejudice.

As to the second item, Taco Bell relies on *Green v. J.C. Penney Auto Ins. Co., Inc.*, 806 F.2d 759, 762 (7th Cir.1986), a case which predicted that the Supreme Court of Illinois would adopt a common law rule set out in *Trovillion v. U.S. Fid. & Guar. Co.*, 474 N.E.2d 953, 958 (Ill.App.1985) "obliging an insurer to pay legal expenses if its quiescence forces the insured to bring a declaratory judgment action," *Nat'l Cycle, Inc. v. Savoy Reinsurance Co. Ltd.*, 938 F.2d 61, 63-64 (7th Cir.1991). Zurich notes that *Trovillion* has since been abandoned by the very intermediate Illinois appellate court that had decided it, and therefore claims that *Green* is no longer good law. Not so. At this point, *Green* remains on the books as "a fully considered decision," *id.* at 64, of the Seventh Circuit, *cf. Bernstein v.. Genesis Ins. Co.*, 90 F.Supp.2d 932, 936 (N.D.Ill.2000) (assuming continuing vitality of *Green* ), and it is simply not within the province of this Court to overrule it. Such a decision, if it is to come at all, must come from the Seventh Circuit itself. *Cf. Rodriquez de Quijas v. Shearson/Am. Express Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

*3 The instant case appears to fall squarely within the *Trovillion* rule recognized in *Green*, and Taco Bell is therefore entitled to recover attorneys' fees it incurred in connection with the preparation and filing of its Motion for Partial Summary Judgment. Zurich's only objection to Taco Bell's fee request (beyond its meritless contention that *Green* is a dead letter) is that several amounts in Taco Bell's

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2003 WL 21372473 (N.D.Ill.))

Page 3

supporting affidavits appear unrelated to Taco Bell's Motion for Partial Summary Judgment and should therefore be excluded. (*See* Def.'s Reply in Supp. of Mot. to Strike at 3.) The Court will exclude those contested amounts. Accordingly, the Court grants Taco Bell's motion for attorneys' fees and orders Zurich to pay Taco Bell $44,493.75.

## CONCLUSION

For the foregoing reasons, Taco Bell's Amended Motion for Supplemental Relief and for Certification of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [107-1] is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. Zurich American Insurance Company's Motion to Strike [114-1] is GRANTED IN PART AND DENIED IN PART. Continental Casualty Co.'s Motion for Certification of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [105-1] is GRANTED.

Pursuant to Rule 54(b), the Court determines that there is no just reason for delay and, in accordance with its March 12, 2003 Memorandum Opinion and Order, hereby directs entry of final judgment as to the duty-to-defend claims in this case, such judgment to run (i) in favor of Continental and against Zurich on Count 2 of Continental's Amended Cross-Claim, and (ii) in favor of Taco Bell and against each of Zurich and Continental on Count 2 of Taco Bell's Amended Complaint, as follows:

- Zurich and Continental each have a present duty to defend Taco Bell in connection with litigation currently pending in the Western District of Michigan under the caption *Wrench LLC v. Taco Bell Corp.*, No. 1-98-CV-45.
- Zurich and Continental shall each bear fifty percent (50%) of Taco Bell's commercially reasonable defense costs in the *Wrench* litigation to the extent that such costs exceed the $2,000,000 Self-Insured Retention in the Zurich Policy.
- Continental is immediately entitled to equitable contribution from Zurich in an amount equal to fifty percent (50%) of all commercially reasonable defense costs paid prior to March 12, 2003 by Continental on behalf of Taco Bell in the *Wrench* litigation to the extent that such payments exceed the $2,000,000 Self-Insured Retention in the Zurich Policy, which amount, based on an uncontested affidavit, is $1,767,503.45.

IT IS SO ORDERED.

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2003 WL 1873936 (M.D.N.C.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
M.D. North Carolina.

PRIME TV, LLC, Plaintiff,
v.
TRAVELERS INSURANCE CO.; and Travelers Property Casualty Insurance Company, a Member of The Travelers Group, Defendants.

No. 101CV00952.

April 9, 2003.

*JUDGMENT*

BULLOCK, J.

**\*1** On August 7, 2002, the court in an opinion and order and judgment granted Plaintiff's motion for judgment on the pleadings on Counts One and Two of Plaintiff's complaint, determining that Defendants owed a duty to defend Plaintiff in connection with underlying lawsuits pending in the state courts. The court did not address whether Defendants had a duty to indemnify Plaintiff in the underlying actions.

The court is of the opinion that its order and judgment requiring the Defendants to defend the Plaintiff in the underlying actions involves a controlling question of law for which there may be substantial ground for differences of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The court also believes that its decision adjudicating fewer than all of the claims of the Plaintiff and the liabilities of the Defendants was entered as a final judgment as to those claims, as provided in Rule 54(b), Federal Rules of Civil Procedure. However, in order to clarify the court's judgment so that Defendants may seek, if they wish, review by the court of appeals,

IT IS ORDERED AND ADJUDGED that Plaintiff's motion for judgment on the pleadings [Doc. # 7] is GRANTED as to Count One and Count Two of Plaintiff's complaint; and

IT IS ORDERED that Defendants provide a defense to the Plaintiff under its liability policies in connection with certain lawsuits currently pending in the state courts.

2003 WL 1873936 (M.D.N.C.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

811 F.Supp. 1410                                                              Page 1
26 U.S.P.Q.2d 1319
(Cite as: 811 F.Supp. 1410)

United States District Court,
N.D. California.

CONTINENTAL INSURANCE CO., Plaintiff,
v.
DEL ASTRA INDUSTRIES, INC., Charles Prior
Hall, and WBX Partners, Defendants.

No. C-91-4478 SAW.

Jan. 25, 1993.

Insurer brought action seeking declaration that it had no duty to indemnify or defend insured. The District Court granted partial summary judgment for insured, ruling that insurer had duty to defend. Insurer moved to have judgment certified for immediate appeal. The District Court, Weigel, J., held that certification would be granted, as issues of duty to defend and indemnification were separate, and interests of judicial economy would be served.

Certification granted.

West Headnotes

**Federal Courts ☞660.20**
170Bk660.20 Most Cited Cases

Question of whether insurer had duty to defend insured could be separated from question whether insured had indemnification liability under insurance contract, and be certified for immediate appeal; issues of defense and liability were different, and interests of judicial economy would be served as an appellate determination of no duty to defend would simplify trial proceedings.
*1410 James Wilkins, Robert Landen, McCormick, Barstow, Sheppard, Wayte & Carruth, Fresno, CA, for plaintiff.

Steven Morger, Wendel, Rosen, Black, Dean & Levitan, Oakland, CA, James Andres, Newport Beach, CA, Peter Sandmann, Tesler & Sandmann, Mill Valley, CA, for defendants.

MEMORANDUM AND ORDER

WEIGEL, District Judge.

*I. Background*

In a patent lawsuit filed by Charles Prior Hall ("Hall") and WBX Partners ("WBX") against Del Astra Industries ("Del Astra") in the Central District of California ("the Central District action"), Del Astra tendered its defense to Continental Insurance Company ("Continental"). Continental refused the tender and filed an action seeking a declaration that it has no duty to indemnify or defend Del Astra. On November 5, 1992 Continental moved for summary judgment. The Court denied Continental's motion and *sua sponte* granted partial summary judgment for Del Astra, ruling that Continental has a duty to defend Del Astra under the policies. Continental moves for certification of the *1411 Court's ruling as a final judgment under Fed.R.Civ.P. 54(b). Defendants do not oppose this motion.

*II. Discussion*

Rule 54(b) permits the Court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties in a lawsuit "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b); *Sears Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956).

To prevent piecemeal appeals, the Court may direct an entry of judgment pursuant to Rule 54(b) only when the claims upon which entry of judgment is entered are separable and distinct from the claims remaining in the lawsuit. *Continental Airlines, Inc. v. Goodyear Tire and Rubber Co.,* 819 F.2d 1519, 1524 (9th Cir.1987).

In this case, the issue being appealed, Continental's duty to defend Del Astra, is separable from the claims remaining in the lawsuit. [FN1] Under California law, the insurer's duty to defend its insured is distinct from and broader than the duty to indemnify. *Gray v. Zurich,* 65 Cal.2d 263, 276-77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966).

FN1. The claims remaining to be adjudicated include Continental's duty to

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

811 F.Supp. 1410  
26 U.S.P.Q.2d 1319  
(Cite as: 811 F.Supp. 1410)

Page 2

indemnify Del Astra and Del Astra's counterclaim for breach of the covenant of good faith and fair dealing.

Moreover, there is no just reason to delay. To the contrary, judicial economy is served by immediate appeal of the Court's grant of partial summary judgment. An appellate court ruling that Continental has no duty to defend would significantly reduce the scope of issues for trial and would conserve judicial and party resources.

Accordingly,

IT IS HEREBY ORDERED that the Court directs entry of judgment on its grant of partial summary judgment for Del Astra and certifies its decision for appeal pursuant to Fed.R.Civ.P. 54(b).

811 F.Supp. 1410, 26 U.S.P.Q.2d 1319

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works