# EXHIBIT A

Service: **Get by LEXSEE®**
Citation: **1997 U.S. App. LEXIS 30065**

*1997 U.S. App. LEXIS 30065, \**

JACK R. HAMILTON, JR., Plaintiff-Appellant, v. STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellee.

No.96-4141

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1997 U.S. App. LEXIS 30065

October 23, 1997, Filed

**NOTICE:** **[\*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Southern District of Ohio. 95-01122. Graham. 9-17-96.

**DISPOSITION:** AFFIRMED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff insured appealed the judgment of the United States District Court for the Southern District of Ohio, which granted summary judgment in favor of defendant insurer and held that the insured's action for bad faith and intentional infliction of emotional distress was barred under the doctrine of res judicata. The action was brought as a result of the insurer's denial of the insured's claim after the insured's house burnt down.

**OVERVIEW:** The insured had purchased a homeowner's policy from the insurer; his house subsequently burnt down. The insured then prevailed in an action against the insurer after the insurer denied the insured's request for indemnification. In the instant action, the district court granted the insurer's motion for summary judgment because identity existed between the causes of action that the insured asserted in the instant action and that which he asserted in the first suit. The insured asserted that his tort claim of bad faith in the instant action could have been maintained as a separate action from his claim for breach of contract. The court affirmed and held that federal res judicata principles were applied in successive federal diversity actions. The court referenced the elements necessary to bar an action under federal res judicata. The court found that the facts that gave rise to the cause of action asserted in the first action were the same as those that gave rise to the second action. The causes of action all arose from the insurance policy issued to the insured by the insurer, the fire that destroyed the insured's home, and the insurer's nonpayment of the proceeds under the policy.

**OUTCOME:** The court affirmed the judgment of the district court, which granted summary judgment in favor of the insurer in the insured's action for bad faith and intentional infliction of emotional distress.

Get a Document - by Citation - 1997 U.S. App. LEXIS 36065
Case 1:02-cv-00091-TS-TS Document 36-5 Filed 09/10/2003 Page 3 of 62
Page 2 of 5

**CORE TERMS:** judicata, tort claim, causes of action, summary judgment, subsequent action, litigated, destroyed, insured, breach of contract, claim preclusion, separate action, final decision, bad-faith, insurance policy, cause of action, earlier action, indemnification, infliction, diversity

### LexisNexis (TM) HEADNOTES - Core Concepts - ◆ Hide Concepts

Civil Procedure > Appeals > Standards of Review > De Novo Review
HN1 ↓ The appellate court reviews a district court's grant of summary judgment de novo. More Like This Headnote

Civil Procedure > Preclusion & Effect of Judgments > Res Judicata
HN2 ↓ Federal res judicata principles are to apply in successive federal diversity actions. Under federal res judicata, a claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. More Like This Headnote

Civil Procedure > Preclusion & Effect of Judgments > Res Judicata
HN3 ↓ Under the doctrine of res judicata, a valid and final judgment rendered in an action extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. More Like This Headnote

Civil Procedure > Preclusion & Effect of Judgments > Res Judicata
Insurance Law > Bad Faith & Extracontractual Liability
HN4 ↓ A majority of the courts that have considered the question whether the facts underlying a breach of insurance contract claim and a bad-faith claim are sufficiently related for purposes of res judicata, have concluded that both claims arise out of the insurer's refusal to pay the insured the proceeds of the policy. More Like This Headnote

**JUDGES:** BEFORE: KENNEDY, SILER, Circuit Judges, and DUGGAN, District Judge. *

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

**OPINION:** PER CURIAM. This matter is before the court on appeal of the district court's opinion and order granting defendant's motion for summary judgment. The district court ruled that plaintiff's action for bad faith and intentional infliction of emotional distress is barred under the doctrine of res judicata.

In October 1977, plaintiff-appellant purchased a homeowner's insurance policy from defendant insurance company. The policy provided coverage and indemnification against fire loss of his residence, its contents, his personal **[*2]** property and additional living expenses in the event of a loss. In August, 1992, plaintiff's residence was destroyed by fire. After receiving plaintiff's proof of loss forms and request for indemnification, defendant denied the claim on the grounds that plaintiff had set the fire which destroyed his home. In May 1993, plaintiff filed suit against defendant in the Court of Common Pleas of Franklin County, Ohio to recover sums allegedly due under the insurance agreement. Defendant removed the diversity action to the District Court for Southern District of Ohio where it was tried before a jury in January 1995. The jury returned a verdict in favor of plaintiff and awarded him $ 120,000 in

damages. Defendant satisfied the judgment entered upon the jury verdict.

In October, 1995, plaintiff filed a second complaint in state court, alleging that defendant's failure to honor the 1992 insurance claims constituted a breach of its duty of good faith and fair dealing, and infliction of serious emotional distress on plaintiff. Plaintiff sought compensatory damages for attorney's and adjuster's fees, damages for severe emotional distress, and punitive damages. Defendant again removed the suit to **[*3]** federal court on the basis of diversity of citizenship.

Defendant filed a motion for summary judgment arguing that plaintiff's claims were barred under the doctrine of res judicata. The district court granted defendant's motion for summary judgment, finding identity between the causes of action plaintiff asserted in his. second suit and that which he asserted in the first suit. Plaintiff appeals the district court's grant of summary judgment in favor of defendant.

HN1 This Court reviews a district court's grant of summary judgment de novo. See *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996)(citing *Harrow Products, Inc. v. Liberty Mutual Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir. 1995)). The Sixth Circuit has recently ruled that HN2 federal res judicata principles are to apply in successive federal diversity actions. *J.Z.G.*, 84 F.3d at 214.

Under federal res judicata, a claim will be barred by prior litigation if the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or **[*4]** which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), cert. denied, 134 L. Ed. 2d 949, 116 S. Ct. 1848 (1996). The parties do not dispute that a final decision on the merits was reached in the first action, nor do they dispute that this subsequent action is between the same parties as the first action. Plaintiff argues that his tort claim is distinct from his contract claim and that because the tort claim may be separately maintained, he was not required to litigate the tort claim during the first action to avoid the effect of res judicata. To support his contention that his tort claim of bad faith may be maintained as a separate action from his claim for breach of contract, plaintiff cites *Motorists Mutual Ins. Co. v. Said*, 63 Ohio St. 3d 690, 590 N.E.2d 1228, 1233 (Ohio 1992), overruled on other grounds by *Zoppo v. Homestead Ins. Co.* 71 Ohio St. 3d 552, 644 N.E.2d 397, 399-401 (Ohio 1994). However, as the Court previously stated, federal principles of res judicata govern this case. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Further, the Ohio case cited by plaintiff is not a res judicata case. Therefore, the language of the Supreme Court of Ohio indicating that a cause of action for the tort of bad faith "may, under certain circumstances," be brought by an insured as a "separate action, apart from an insured's action alleging breach of the insurance contract," would not be dispositive of this issue even if the Court were to apply the Ohio res judicata law.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*5]**

In *J.Z.G.*, the Sixth Circuit, adopting the Restatement (Second) of Judgments approach to HN3⁺the doctrine of res judicata, ruled that a valid and final judgment rendered in an action extinguishes

> all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*J.Z.G.*, 84 F.3d at 214 (quoting *Restatement (Second) of Judgments* § 24, p. 196 (1982)). The facts giving rise to the cause of action asserted in the first action are the same as those giving rise to the causes of action asserted in this second action.

In the case before the Court, the causes of action all arose from the insurance policy issued to plaintiff by defendant, the fire which destroyed plaintiff's home and defendant's nonpayment of the proceeds under the policy. *See, e.g., Porn v. National Grange Mutual Ins. Co.*, 93 F.3d 31 (1st Cir. 1996)(applying Restatement's transactional approach to res judicata, court determined that plaintiff's bad-faith tort claim arose from the same set of facts which gave rise to his already-litigated breach of contract claim and was thus barred **[*6]** by claim preclusion).

> "HN4⁺A majority of the courts that have considered this question, *i.e.*, "whether the facts underlying a breach of insurance contract claim and a bad-faith claim are sufficiently related for purposes of res judicata, also have concluded that both claims arise out of the insurer's refusal to pay the insured the proceeds of the policy."

*Id.* at 35 n.3 (citing *McCarty v. First of Georgia Ins. Co.*, 713 F.2d 609, 612 (10th Cir. 1983) (applying Oklahoma res judicata law); *Duhaime v. American Reserve Life Ins.* 200 Conn. 360, 511 A.2d 333, 334 (Conn. 1986); *Chandler v. Commercial Union Ins. Co.*, 467 So. 2d 244, 250 (Ala. 1985); *Hubbell v. Trans World Life Ins. Co.*, 50 N.Y.2d 899, 408 N.E.2d 918, 919, 430 N.Y.S.2d 589 (N.Y. 1980); *Stone v. Beneficial Standard Life Ins. Co.*, 273 Ore. 594, 542 P.2d 892, 894 (Or. 1975)).

Because all of the asserted causes of action arose from the same transaction, or series of transactions, they should have been litigated in the earlier action. The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other **[*7]** theories could have been asserted and remedies could have been sought in the earlier action. The decision of the district court is **AFFIRMED**.

Service: **Get by LEXSEE®**
Citation: **1997 U.S. App. LEXIS 30065**
View: Full
Date/Time: Wednesday, September 10, 2003 - 4:56 PM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
✦ - Positive treatment is indicated
🅰 - Citing Refs. With Analysis Available

- Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.