UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LUMBERMEN'S MUTUAL**                                                         **CASE NO. C-1-02-091**
**CASUALTY CO.,**                                                              **(HOGAN, M.J.)**
      **PLAINTIFF**

VS.

**THE VICTOR CORPORATION,**
      **DEFENDANT**

**ORDER**

      Before the Court is the Emergency Motion of Lumbermen's Mutual Casualty Company for Entry of Judgment Pursuant to Rule 54(b) and to Stay the Trial Date (Doc. 31) pending a direct appeal of this Court's Order granting Summary Judgment to The Victor Corporation on both its declaratory judgment claim for coverage and its claim for breach of contract, both of which were stated in Defendant's Counterclaim. (Plaintiff's Motion for Summary Judgment on the coverage question was obviously denied. The Court found the bad faith and prejudgment interest claims of the Victor Corporation to be inappropriate for resolution via summary judgment.) Also before the Court is Victor's Memorandum in Opposition (Doc. 36 ). For the reasons which follow, Lumbermen's Motion is denied.

      Lumbermen's correctly points out that should this Court's Order on the coverage question be reversed, the issues of bad faith and prejudgment interest would be mooted, thus Lumbermen's argument for an immediate appeal is couched in terms of practicality and efficiency. Victor also correctly point out that there has been a decision on the basis of liability only and that the damages issue still pends; thus there has been no judgment from which an appeal can be processed. Lumbermen's responds with a series of cases wherein trial courts certified appeals from orders relating to the insurance company's duty to defend. This type of order certainly lacks finality if the resolution of the coverage question favors the carrier.

      Both parties cite *Corrosioneering v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279

(6th Cir. 1986). The cited case set forth the criteria for consideration by trial courts relative to the requirement of Rule 54 that here be "no just reason for delaying the appeal" Those factors are: (1) the relationship between the adjudicated and un-adjudicated claims, (2) the possibility that the need for review might or might not be mooted by future developments in the district court, (3) the possibility that the reviewing court might be obligated to consider the same issue a second time, (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final, and (5) miscellaneous factors such as delay, economic considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

     This Court agrees with Lumbermen's that the first and fourth factors favor a direct appeal. The bad faith and punitive damage claims are dependent upon a finding that there was coverage for the loss sustained by Victor. The coverage question, once decided by a reviewing court, would not be further appealable to that court. A second appeal on the damages issue would be a distinct possibility, however, and it is debatable whether certifying an appeal would result in any efficiency. Thus the third factor favors a refusal to certify the appeal. Lumbermen's represented that it has stopped selling the type of policy involved in this case and Victor fears some type of bankruptcy proceeding is immanent. Thus, from Victor's perspective, there is reason to delay an appeal. The fifth factor does not support a direct appeal. The only "future development in the district court" that this Court can foresee is the possible settlement of the claims, thus the second factor supports Lumbermen's desire for a direct appeal.

     This Court determines that in relationship to this case, the fifth factor dominates. Permitting an intermediate or successive appeal where the possibility exists that more time will be consumed before the case is resolved by an appellate panel is, in this Court's view, an abuse of discretion. There is, however, a more fundamental problem and that is that the "judgment" sought to be certified is not a judgment at all unless there is some judicial determination of damages and there has been none.

> "For purposes of Rule 54(b), in order to enter final judgment, the Court must first determine that it is dealing with a final judgment. It must be a "judgment" in the sense that it is the ultimate disposition of an individual claim entered in the course of a multiple claims action." *American Equipment Leasing v. McGee's*

*Crane Rental,* 2002 U.S. Dist. Lexis 24727.

Lumbermen's cites *Taco Bell Corporation v. Continental Casualty Company*, 203 WL 21372473 (N.D. June, 2003 IL) as authority for the proposition that a judgment need not be final in order to be subject to an immediate appeal. The *Taco Bell* Court held that the duty to defend and the duty to indemnify were legally and factually separate and thus permitted an immediate appeal of its decision that Continental Casualty Co. had a duty to defend Taco Bell in other litigation. The relationship between the claims in the instant case, however, is not analogous. A finding that there is no coverage would moot the bad faith and punitive damages claims, but an opposite finding would be a prerequisite to, but not establish either bad faith or punitive damages. Secondly, an affirmative statement relative to the duty to defend is not a precursor to an award of damages, as is a finding of breach of an insurance contract, which this Court so found in the instant case.

Lumbermen's cites *Revco D.S., Inc. v. Government Employees Insurance Co.*, 791 F. Supp. 1254 (N. D. Ohio. 1991) as supportive of its argument, but we disagree. In the cited case, Judge Dowd entered summary judgment against Plaintiffs and in favor of defendants GEICO and First State and then certified that finding for an immediate appeal. What was certified was a coverage question, but it was resolved in favor of the carrier. The judgment thus certified was final in the sense that there was no damages component to it. In the instant case, the coverage question was resolved in favor of the insured, not the carrier. The distinction is significant.

**IT IS THEREFORE ORDERED THAT**: the Emergency Motion of Lumbermen's Mutual Casualty Company for a Stay of Trial and an Entry of Judgment (Doc. 31) is denied.


September 12, 2003                                    s/Timothy S. Hogan
                                                      Timothy S. Hogan
                                                      United States Magistrate Judge